NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAFRON HUOT,<br><br>              Plaintiff-Appellant,<br><br>v.<br><br>MONTANA STATE DEPARTMENT OF<br>CHILD AND FAMILY SERVICES; et al.,<br><br>              Defendants-Appellees. | No.   18-35139<br><br>D.C. No. 2:17-cv-00061-BMM<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Safron Huot appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging claims related to the termination of her parental

rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)).  We affirm.

The district court properly dismissed Huot's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Huot's claims constituted a forbidden de facto appeal of a prior state court judgment or were inextricably intertwined with that judgment.  *See Noel*, 341 F.3d at 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**